11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Larry
Joe Valadez

Appellant

Vs.                   No. 11-04-00129-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

Larry Joe Valadez, appellant, appeals his
conviction by a jury of the offense of aggravated assault with a deadly
weapon.  The jury assessed his punishment
at ten years in the Texas Department of Criminal Justice, Institutional
Division.  He contends in a single point
of error that the trial court erred in admitting his confession because it was
rendered involuntary when the interrogator told him that the statement could be
used for or against him.  We affirm.

Appellant filed a motion to suppress, alleging that
his statement was taken while he was physically and mentally incapable of
voluntarily and knowingly waiving his right and alleging that the statement was
taken in violation of the protective measures adopted in the Texas Code of
Criminal Procedure allowing for the questioning of suspects by the
government.  The trial court denied
appellant=s motion.








Generally, the trial court=s
denial of a motion to suppress is reviewed for abuse of discretion.  Oles v. State, 993 S.W.2d 103, 106
(Tex.Cr.App.1999).  Thomas Valdez, the
Abilene police detective who obtained appellant=s
statement, testified that, when warning suspects, he reads the Miranda[1]
warning directly from the form.  He
indicated that, when he read each one of the rights to him, appellant had no
questions and understood and voluntarily waived his rights.  On cross-examination, Detective Valdez
testified that he told appellant that he had the right to a lawyer and the
right to remain silent and that anything he said could be used for or against
him at trial.  The pertinent part of the Miranda
warning located on the top of each page of appellant=s
statement was, AI have
the right to remain silent and not make any statement at all, and that any
statement I make may be used against me at my trial.@  Counsel for appellant made no argument on the
motion.  Counsel, therefore, never
suggested to the trial court, either in his motion or in his argument on the
motion, that appellant=s
statement was involuntary because appellant was told that his statement could
be used for or against him at trial.

As a prerequisite to presenting a complaint for
appellate review, the record must show that the complaint was made to the trial
court by a timely request, objection, or motion that stated the grounds for the
ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context. 
TEX.R.APP.P. 33.1(a)(1)(A). 
Appellant=s motion
did not state the grounds he now seeks to present with sufficient specificity
to make the trial court aware of the complaint, and the specific grounds are
not apparent from the context. Consequently, nothing is presented for review.

Even if appellant had properly preserved this
error for appeal, we note that a trial court does not abuse its discretion in
resolving factual discrepancies in the testimony, such as whether the officer
administering warnings read the correct warning from the warning form or told
the defendant that the warning could be used for or against him.  Dinkins v. State, 894 S.W.2d 330,
348-49 (Tex.Cr.App.1995).  Inasmuch as
Detective Valdez=s
testimony was self-contradicting with respect to which warning he gave, the
trial court did not abuse its discretion by resolving that factual
discrepancy.  See id.

Appellant relies on the opinions in Sterling v.
State, 800 S.W.2d 513 (Tex.Cr.App.1990), cert. den=d, 501 U.S. 1213 (1991), and Dunn
v. State, 721 S.W.2d 325 (Tex.Cr.App.1986). 
We hold that both of these cases are distinguishable because in each
case the evidence that the defendant was advised that the statement could be
used for or against him was uncontradicted. 
Sterling v. State, supra at 518-19; Dunn v. State, supra
at 341-42.  We overrule appellant=s sole point of error.

The judgment is affirmed.

 

PER CURIAM

August 18, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, J., and

McCall,
J., and Hill, J.[2]











[1]Miranda v. Arizona, 384 U.S. 436 (1966).





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.